UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x

IN RE: UNITED STATES v. WATKINS:

JOHN CENCI,                           :

        Petitioner,         :

        -v-                 :

WILLIAM V. WATKINS, a/k/a/ "CHIP,"    :

        Respondent.         :
------------------------------------ x

98 CR 1142 (JSR)

MEMORANDUM ORDER



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-10-09

JED S. RAKOFF, U.S.D.J.

    In connection with a lawsuit brought in New York State
Supreme Court by respondent William V. Watkins against petitioner
John Cenci, petitioner seeks release of the portions of the
respondent's Presentence Report that relate to respondent's financial
condition, as well as any statements made by respondent to the
Probation Department concerning the respondent's financial condition.
Petitioner says he needs these materials to judicially estop the
respondent from asserting contrary facts in the State lawsuit.  For
the following reasons, the petition is granted.

    On March 5, 1999, respondent William V. Watkins pleaded
guilty before this Court to one count of conspiracy to violate the
federal narcotics laws, in violation of 21 U.S.C. § 841(b)(1)(B).  On
June 30, 1999, the Court sentenced respondent to a term of 60 months
in prison, to be followed by four years of supervised release.  See
6/30/99 Judgment.  Although the (then-mandatory) Sentencing
Guidelines included a fine range of $10,000 to $2 million, the Court
did not impose a fine, concluding that "in his present circumstances

and in the foreseeable future, defendant will not be able to pay a material fine." Transcript 6/30/99 at 12.[1]  Defendant surrendered on August 16, 1999. See 6/30/99 Judgment at 2.  Throughout all proceedings before this Court, respondent was represented by court-appointed counsel, based on his representations to the Court that he was financially unable to employ counsel himself. See Pet. Ex. A.

On September 28, 2007, respondent commenced an action against petitioner John Cenci in New York Supreme Court, Suffolk County ("the New York action"), in which respondent made certain public allegations concerning his financial circumstances at the time of his plea and sentencing in the above-captioned action. See Pet. Ex. K. Respondent alleges, for instance, that "on or about March 25, 1999," he and petitioner "formed J C Land Development, LTD, a corporate entity formed for the purpose of purchasing and developing certain real properties," and that respondent "paid substantial monies as a capital contribution to J C Land Development, LTD." Pet. Ex. K ¶¶ 5, 8.

On October 15, 2007, petitioner commenced a special proceeding in that same court seeking, inter alia, dissolution of Accurate Marine Specialities, Inc., a corporation allegedly wholly owned by respondent ("the dissolution proceeding"). See Resp. Ex. D. In moving to dismiss that proceeding, respondent submitted to the

---

[1] The Sentencing Guidelines provide that "[t]he Court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine."  U.S.S.G. § 5E1.2(a).

court a variety of checks made payable to JC Land.  See Pet. Ex. E.
Although not all of these checks are legible, they indicate, at the
very least, that between September 10, 1999 (less than one month
after respondent's date of surrender) and November 28, 2000, checks
totaling $164,000 were drawn from a joint checking account held by
respondent and his mother Alice Watkins.  Id.  Further, on December
23, 2002, a check in the amount of $140,219.53 was drawn from a joint
account held by respondent and his fiancé Marie Fiel.  Id.  All told,
respondent avers that "[f]or the duration of my incarceration to the
present, I made several substantial capital contributions to J C Land
totaling upwards of $600,000."  Pet. Ex. E ¶ 23.

In light of these and other representations made by
respondent in the New York action and dissolution proceeding,
petitioner now seeks an order unsealing those portions of
respondent's June 24, 1999 presentence report ("PSR") that relate to
his financial condition, along with an order requiring production of
all probation records containing statements made by respondent,
arguing that such information is necessary to prevent a fraud on the
Court.  The Court agrees.

Presentence reports are not considered public records, but
instead are generally viewed as confidential court documents, so as
to "ensure the availability of as much information as possible to
assist in sentencing."  United States v. Charmer Indus., Inc., 711
F.2d 1164, 1171 (2d Cir. 1983).  Accordingly, disclosure of
presentence reports to third-parties is permitted only upon a showing

that there is "a compelling need for disclosure to meet the ends of justice." Id. at 1176.  A "central burden" in making the required showing is "the degree to which the information in the presentence report cannot be obtained from other sources." Id. at 1177. District courts have "a fair measure of discretion in weighing the competing interests in order to determine whether or not the person seeking disclosure has shown that the ends of justice require disclosure." Id.  This standard likewise applies to applications for the disclosure of federal probation records. See In re Lobel, 03 CR 296, 2005 U.S. Dist. LEXIS 5869, at *2-3 (S.D.N.Y. April 6, 2005). Although few courts have ordered the disclosure of a presentence report or probation records to a third-party, see Charmer, 711 F.2d at 1173, the Court is satisfied here that petitioner has met his burden.

As an initial matter, it bears emphasizing that respondent was represented throughout the pendency of the above-captioned action by counsel who was appointed based on respondent's express representations to the Court concerning respondent's financial condition.  Further, after pleading guilty, respondent provided certain information to the probation department concerning his finances for use in his PSR.  At respondent's sentencing hearing, the Court adopted the factual findings of the PSR, see 6/30/99 Judgment at 7, and, as noted, declined to impose any fine based on its determination concerning respondent's inability to pay.  In the New York action and dissolution proceeding, however, respondent alleges that "on or about March 25, 1999," i.e., twenty days after respondent

4

pleaded guilty before this Court, he and petitioner formed a real

estate development company, and that, beginning less than a month

after being incarcerated, respondent invested approximately $600,000

in that corporation.  In other words, respondent has made affirmative

representations in New York state court proceedings that are

seemingly inconsistent with those statements that he made to the

probation department and that were adopted and relied upon by this

Court at sentencing.[2]  In such circumstances, limited disclosure of

certain portions of respondent's PSR and probation records is

essential to meet the ends of justice.

Specifically, the well-established doctrine of judicial

estoppel, recognized in both federal and state court, demands

"absolute truth and consistency in all sworn positions," Bates v.

Long Island R.R., 997 F.2d 1028, 1038 (2d Cir. 1993), and seeks "to

protect the integrity of the judicial process by prohibiting parties

from deliberately changing positions according to the exigencies of

the moment."  New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001).

Although this Court is not called upon to address the applicability

of judicial estoppel here, it is nevertheless patent that disclosure

of those portions of respondent's PSR and probation records

concerning his financial condition is necessary to protect the

judicial system.  "[C]onsiderations of due process require that the

court not impose a sentence on the basis of information that is

---

[2] The Court also notes that, according to public records, on
June 11, 1999 — after pleading guilty before this Court but prior
to sentencing — respondent sold a piece of real property in
exchange for $164,000.  See Pet. Ex. F.

materially false," Charmer, 711 F.2d at 1171, and where, as here, the
accuracy of information relied upon by this and other courts is
called into question, the otherwise unflagging confidentiality of
presentence reports and probation records must bend.

Indeed, the primary policy concern giving rise to the need
for confidentiality, viz., the fear that public disclosure of
presentence reports could both undermine the probation department's
ability to receive accurate information and enable the dissemination
of unverified accusations, Charmer, 711 F.2d at 1175, is not
implicated here, because petitioner seeks only a narrowly tailored
portion of the PSR and probation records (that are based primarily on
respondent's non-hearsay admissions), so as to ensure the accuracy
and truthfulness of all information before this and other courts, and
to prevent respondent from taking inconsistent, self-serving
positions regarding his financial condition.  It is also important to
note that such information is not otherwise available from other
sources, because, in considering petitioner's judicial estoppel
claim, there can be no substitute for those contemporaneous
statements made by respondent to the probation department and this
Court concerning his financial condition.  Tellingly, in the New York
action and dissolution proceeding, respondent himself has refused to
admit certain facts regarding his representations to this Court that
he was not in a position to pay any material fine.  See Pet. Reply
Ex. C.

The foregoing conclusions equally apply to statements that
respondent made to the probation department concerning his financial

6

condition throughout his period of supervised release.  Under the
terms of the Court's sentence, respondent was required to submit
truthful and complete written reports to the probation department on
a monthly basis, and to truthfully answer all inquiries by his
probation officer.  <u>See</u> Pet. Ex. J.  In an undated letter written
shortly before respondent's release from jail, however, respondent
reassured petitioner that "your [sic] the boss, as I'm not allowed to
work for myself," and that "one thing I don't ever want them to think
is that I lied to them, as that's grounds for violation, a violation
sends me back here for 12-18 months.  Not what we want."  Pet. Ex. I.
Although the context and ultimate significance of such statements are
not for this Court to determine, such statements nevertheless raise
the specter that respondent intended to be less than forthright with
the probation department (an arm of the court), and thus further
counsel in favor of granting petitioner's motion.

Accordingly, for all of the foregoing reasons, petitioner's
motion is granted.  The probation department is hereby directed to
produce to counsel for each of the parties hereto, by no later than
June 22, 2009, those portions of respondent's PSR that relate to his
financial condition, along with all probation records containing
statements made by respondent concerning his financial condition.
Petitioner's motion is denied in all other respects.  The Clerk of
the Court is directed to close document numbers 42 and 43 on the
Court's docket.

SO ORDERED.

7

_____
JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
        June 9, 2009