USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-2-09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
IN RE: UNITED STATES v. WATKINS:      :
                                      :
JOHN CENCI,                           :     98 CR 1142 (JSR)
                                      :
                  Petitioner,         :     MEMORANDUM ORDER
                                      :
                  -v-                 :
                                      :
WILLIAM V. WATKINS, a/k/a/ "CHIP,"    :
                                      :
                  Respondent.         :
                                      :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

On June 9, 2009, the Court, on application of petitioner John Cenci, released those portions of the June 24, 1999 Presentence Report ("PSR") of respondent William V. Watkins that related to respondent's financial condition and to statements made by respondent to the Probation Department concerning his financial condition. See Memorandum Order, June 9, 2009 ("June 9 Mem. Order"). Such release was necessary to prevent Watkins, on whose statements the Court relied in sentencing him on June 30, 1999, to assert contrary facts in a lawsuit brought by respondent against petitioner in New York State Supreme Court (Pines, J.). On June 19, 2009, Justice Pines granted petitioner's motion for summary judgment in his favor in the state court action, relying on both the PSR and the June 9 Mem. Order to find that respondent was judicially estopped from pursuing the state court action because it was premised on assertions directly contradicted by his previous assertions to this Court on which the Court had relied. See Watkins v. J C Land Dev. Ltd., et al., No.

30678-2007, slip op. at 3-5 (N.Y. Sup. Ct. June 19, 2009). By letter dated August 26, 2009, respondent moved, pursuant to Federal Rule of Civil Procedure 60(a), to correct allegedly erroneous mistakes of fact in the June 9 Mem. Order. See Letter from Kim Victor, Esq., 8/26/09 ("Resp. Letter"), at 1. On August 28, petitioner filed a letter in opposition to the motion. See Letter from Matthew Barnes, Esq., 8/28/09, at 1.

According to respondent, the June 9 Mem. Order erred in stating that "[a]t respondent's sentencing hearing, the Court adopted the factual findings of the PSR, see 6/30/99 Judgment at 7, and, as noted, declined to impose a fine based on its determination concerning respondent's inability to pay." June 9 Mem. Order at 4. On the contrary, these assertions in the June 9 Mem. Order were exactly correct. Specifically, at the time of respondent's sentence, the Court stated: "No fine will be imposed, because the Court makes a finding that, in his present circumstances and in the foreseeable future, defendant will not be able to pay any material fine." Hearing transcript, 06/30/99, at 12. Since the only information regarding respondent's financial information available to the Court was the information defendant had provided to the Probation Office, as set forth in the PSR, the above-quoted statement reflected a judicial finding made on the basis of that information -- the very information respondent now seeks to contradict in the state court.[1]

---

[1] Respondent also asserts that the Court erred in asserting that respondent was represented throughout the criminal

2

Accordingly, respondent's motion is frivolous and is hereby denied.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       October 30, 2009

---

proceedings by appointed counsel, whereas in fact he was represented by retained counsel for at least some portion of the proceedings. See Resp. Letter at 1. Assuming arguendo that respondent is correct, it is of no relevance whatever to any aspect of this dispute, since the Court did not take account of anything to do with the status of respondent's counsel in making its determinations described above.

3